UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN JAMES,                                )
                                           )
            Plaintiff,                     )         **AMENDED COMPLAINT**
                                           )
     -against-                             )         **JURY TRIAL DEMANDED**
                                           )
THE CITY OF NEW YORK; POLICE OFFICER       )         15 Civ. 607 (DLC)
or SERGEANT "FNU" [First Name Unknown]     )
SMITH; POLICE OFFICER EDWARD               )
EHRENKRANZ, Shield No. 19961; POLICE       )
OFFICER CARLOS ZAPATA, Shield No. 27730;   )
POLICE LIEUTENANT PAUL PRENDERGAST;        )
JOHN DOES; and RICHARD ROES,               )
                                           )
            Defendants.                    )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff JOHN JAMES seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on December 3, 2013. More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff JOHN JAMES was at all times relevant herein a resident of the State of New York, Bronx County. Plaintiff JOHN JAMES is African-American.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk

attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants POLICE OFFICER or SERGEANT "FNU" [First Name Unknown] SMITH, POLICE OFFICER EDWARD EHRENKRANZ, POLICE OFFICER CARLOS ZAPATA, POLICE LIEUTENANT PAUL PRENDERGAST, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER or SERGEANT "FNU" [First Name Unknown] SMITH, POLICE OFFICER EDWARD EHRENKRANZ, POLICE OFFICER CARLOS ZAPATA, POLICE LIEUTENANT PAUL PRENDERGAST, and JOHN DOES are sued individually.

10. Defendants POLICE OFFICER or SERGEANT "FNU" [First Name Unknown] SMITH, POLICE LIEUTENANT PAUL PRENDERGAST, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant

herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER or SERGEANT "FNU" [First Name Unknown] SMITH, POLICE LIEUTENANT PAUL PRENDERGAST, and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On November 7, 2013, at approximately Noon, Plaintiff was across the street from 28-300 161st Street, Bronx, NY, checking out a new car belonging to an acquaintance of his.

12. The car was pulled over, and the engine was off.

13. The keys were not in the ignition.

14. Plaintiff was in the driver's seat, and his acquaintance was in the passenger seat.

15. 4 plainclothes JOHN DOES police officers – on information and belief POLICE OFFICER or SERGEANT "FNU" [First Name Unknown] SMITH, POLICE OFFICER EDWARD EHRENKRANZ, POLICE OFFICER CARLOS ZAPATA, and POLICE LIEUTENANT PAUL PRENDERGAST – approached the car and asked Plaintiff for his license and registration.

16. Plaintiff showed the officer his valid learner's permit.

17. The JOHN DOES officers removed Plaintiff and his acquaintance from the car.

18. Plaintiff explained that the car belonged to his acquaintance, and Plaintiff's acquaintance showed the JOHN DOES officers the car's registration.

19. Without consent, the JOHN DOES officers searched the car, and inside Plaintiff's pockets.

20. Plaintiff possessed no contraband of any kind, and there was no contraband inside of the vehicle.

21. The JOHN DOES officers handcuffed Plaintiff.

22. Plaintiff's step-mother, who lives in 28-300 161st Street, came down and asked why Plaintiff had been arrested.

23. The JOHN DOES officers did not answer the question.

24. After being held handcuffed at the scene for approximately 5-10 minutes, Plaintiff was placed in an unmarked police car and taken to the NYPD 44th Precinct by POLICE OFFICER or SERGEANT "FNU" [First Name Unknown] SMITH and a JOHN DOE officer, on information and belief one or two of POLICE OFFICER EDWARD EHRENKRANZ, POLICE OFFICER CARLOS ZAPATA, and / or POLICE LIEUTENANT PAUL PRENDERGAST (it is as yet unknown whether "SMITH" was a false name supplied to Plaintiff by one of POLICE OFFICER EDWARD EHRENKRANZ, POLICE OFFICER CARLOS ZAPATA, POLICE LIEUTENANT PAUL PRENDERGAST, or another JOHN DOE member of the NYPD).

25. Plaintiff's handcuffs had been placed on him with a painful and punitive tightness.

26. Plaintiff complained that the handcuffs were too tight, but the JOHN DOES officers did not loosen them.

27. At the 44th Precinct Plaintiff was subjected to a strip search by POLICE OFFICER or SERGEANT "FNU" SMITH and a JOHN DOE officer, on information and belief one or two of POLICE OFFICER EDWARD EHRENKRANZ, POLICE OFFICER CARLOS ZAPATA,

5

and / or POLICE LIEUTENANT PAUL PRENDERGAST (it is as yet unknown whether "SMITH" was a false name supplied to Plaintiff by one of POLICE OFFICER EDWARD EHRENKRANZ, POLICE OFFICER CARLOS ZAPATA, POLICE LIEUTENANT PAUL PRENDERGAST, or another JOHN DOE member of the NYPD).

28. Plaintiff was made to remove all of his clothes, and to spread his buttocks and lift his testicles for a visual inspection by POLICE OFFICER or SERGEANT "FNU" SMITH and the JOHN DOE officer.

29. Plaintiff had requested not to be strip-searched because he was suffering from scabies on much of his body, including his genitals, but POLICE OFFICER or SERGEANT "FNU" SMITH and the JOHN DOE officer insisted on strip-searching him anyway.

30. Plaintiff was released from the 44th Precinct after approximately an hour, without any charges or paperwork of any kind, and without any explanation being provided to him as to why he had been arrested and strip searched.

31. POLICE OFFICER EDWARD EHRENKRANZ is listed as Plaintiff's arresting officer on the NYPD's voided arrest report, and POLICE LIEUTENANT PAUL PRENDERGAST (who was a Sergeant on the date of the incident) is listed as the "Supervisor Approving."

32. The voided arrest report states that the arrest charge was Criminal Possession of a Controlled Substance in the 7th Degree (New York State Penal Law § 220.03).

33. Plaintiff did not possess any controlled substance when he was arrested, and there was not probable cause to believe that he did.

34. POLICE OFFICER CARLOS ZAPATA is listed as Plaintiff's arresting officer on

the NYPD 44th Precinct's command log.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

35. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

36. By their conduct and actions in seizing plaintiff, searching (including strip searching) plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants POLICE OFFICER or SERGEANT "FNU" [First Name Unknown] SMITH, POLICE OFFICER EDWARD EHRENKRANZ, POLICE OFFICER CARLOS ZAPATA, POLICE LIEUTENANT PAUL PRENDERGAST, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

37. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants POLICE OFFICER or SERGEANT "FNU" [First Name Unknown] SMITH, POLICE LIEUTENANT PAUL PRENDERGAST, JOHN DOES and/or RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

40. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

41. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

42. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests, which are implemented disproportionately upon people of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

45. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

46. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47. The conduct of the individual defendants alleged herein, occurred while they were

on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

48. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

49. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

52. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

55.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56.     By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### TRESPASS

58.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

59. The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

60. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

61. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### NEGLIGENCE

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

67. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### CONSTITUTIONAL TORT

70. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

72. A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

73. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;

   b. Punitive damages;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorney's fees;

   e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            July 9, 2015

                                        _____
                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff